**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALFRED D. HUBBARD, | Civil Action |
| Plaintiff, | 10-974 (RMB-JS) |
| v. | **O P I N I O N** |
| DEPARTMENT OF CORRECTION, et al., |  |
| Defendants. |  |

**APPEARANCES:**

    ALFRED D. HUBBARD, Plaintiff pro se
    James T. Vaughn Correctional Center
    Smyrna, Delaware 19977

**Renée Marie Bumb, District Judge**

    Plaintiff Alfred D. Hubbard ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who proceeds pro se and has been paid the filing fee, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Plaintiff takes medication for a seizure disorder. The nurses who administered his medication gave him incorrect doses for approximately one month. Plaintiff complained that he was over-medicated, but was told that his chart provided for the doses he was given. Plaintiff's blood was tested and it revealed an increased Phenytoin level.[1] The medication was reduced around July 8, 2010. Plaintiff alleges Defendants are incompetent and negligent. He complains that, as a result, he suffers from all over-medication side-effects listed on the pamphlet. (D.I. 1.)

## II. STANDARDS FOR <u>SUA SPONTE</u> DISMISSAL

The Court must dismiss, at the earliest practicable time, certain prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant);[2] 42 U.S.C. § 1997e (prisoner actions brought with respect to prison

---

[1] An anti-convulsant medication.

[2] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. Stringer v. Bureau of Prisons, Federal Agency, 145 F. App'x 751, 752 (3d Cir. 2005) (not published).

conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Id. at 1949.  When determining whether dismissal is appropriate, the Court conducts a two-part analysis.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  Id.  The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id. at 210-11.  Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[3]  *Id.* at 211.

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. DISCUSSION**

Plaintiff alleges that Defendants are incompetent and negligence because he was over-medicated for an approximate one-month period. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate

---

short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

indifference by "intentionally denying or delaying access to medical care." <u>Estelle v. Gamble</u>, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. <u>Harrison v. Barkley</u>, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. <u>White v. Napoleon</u>, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); <u>see also</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the Complaint in the most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Defendants. Rather, the Complaint alleges negligence because Plaintiff was over-medicated for an approximate one-month period. The allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical need. Accordingly,

the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**IV. CONCLUSION**

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate order accompanies this Opinion.

                                              s/Renée Marie Bumb
                                              **Renée Marie Bumb**
                                              **United States District Judge**

Date: February 7, 2011

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ALFRED D. HUBBARD, | : | |
|  | : | Civil Action |
| Plaintiff, | : | 10-974 (RMB-JS) |
|  | : | |

|                              |   |               |
|------------------------------|---|---------------|
| v.                           | : | **O R D E R** |
|                              | : |               |
| DEPARTMENT OF CORRECTION,    | : |               |
| et al.,                      | : |               |
|                              | : |               |
| Defendants.                  | : |               |
|                              | : |               |

For the reasons stated in the Opinion filed herewith,

IT IS on this **7th** day of **February 2011**,

**ORDERED** that Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** the case; and it is finally

**ORDERED** that the Clerk shall serve copies of this Order and accompanying Opinion upon Plaintiff by regular U.S. mail.

                                          s/Renée Marie Bumb
                                          **Renée Marie Bumb**
                                          **United States District Judge**